**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **JOAN PRATHER, as Parent of CHARLES L. PRATHER, Jr., Deceased, and CHARLES L. PRATHER, Sr., as Parent and as Personal Representative of the Estate of CHARLES L. PRATHER,** | |
| Plaintiffs, | |
| **v.** | Case No.: <u>21-CV-312</u> |
| **ROBINSON HELICOPTER COMPANY, INC.,** | |
| Serve Registered Agent: | JURY TRIAL DEMANDED |
| Kurt L. Robinson 2901 Airport Drive Torrance, CA 90505 | |
| and | |
| **SPITZER HELICOPTER LEASING,** | |
| Serve Registered Agent: | |
| Eric A. Spitzer 5958 Rod Avenue Woodland Hills, CA 91367 | |
| Defendants. | |

**COMPLAINT**

COME NOW, Plaintiffs, Joan Prather, as Parent of Charles L. Prather, Jr., deceased, and

Charles L. Prather, Sr., as Parent and Personal Representative of the Estate of Charles L. Prather,

Jr. deceased, by and through counsel, and for their Complaint herein, state as follows:

## **GENERAL ALLEGATIONS**

1.      Decedent Charles L. Prather, Jr., was born on November 11, 1970 and died on October 17, 2018 in Fulton, Missouri.

2.      Plaintiff Joan Prather is the mother of Charles L. Prather, Jr. and, at all times relevant hereto, was and is a resident of Missouri.

3.      Plaintiff Charles L. Prather, Sr., is the father and the duly appointed Personal Representative of the Estate of Charles L. Prather, Jr. and, at all times relevant hereto, was and is a resident of Missouri.

4.      At the time of his death, decent Charles L. Prather, Jr. was survived by his natural mother Joan Prather and natural father Charles L. Prather, Sr., who constitute the wrongful death class.

5.      Defendant Robinson Helicopter Company, Inc. at all times relevant hereto, was and is a corporation organized and existing under the laws of the State of California with its principal place of business in Torrance, California, that regularly solicits and does business in the State of Missouri.

6.      Defendant Robinson Helicopter Co., Inc., is the manufacturer and/or designer of a Robinson Helicopter Model R22 Beta II, bearing U.S. registration number N923SH, serial number 3864, (hereinafter "Robinson N923SH"), and/or the components of said aircraft, which caused the injuries stated in this Complaint.

7.      Defendant Spitzer Helicopter Leasing, at all times relevant hereto, was the owner of the Robinson N923SH and was and is a Limited Liability Company organized and existing under the laws of the State of Delaware with its principal place of business in Woodland Hills, California, that regularly solicits and does business in the State of Missouri.

8.      On October 17, 2018, Robinson N923SH departed from Moscow Mills, Missouri, en route to Columbia Regional Airport (COU), with Pilot Charles L. Prather, Jr., as the pilot-in-command and sole aircraft occupant.

9.      Approximately thirty-six (36) minutes after departure from Moscow Mills, Pilot Charles R. Prather, Jr. began to experience a severe and unexpected loss of control of Robinson N923SH.

10.     Through no fault of his own, Pilot Charles L. Prather, Jr., could no longer control Robinson R923SH, and the helicopter began to lose altitude and entered a downward spiral, eventually impacting the ground in a nose-low attitude, causing fatal injuries to pilot Charles L. Prather, Jr.

11.     At all times relevant hereto, Robinson R023SH was based and maintained in Lincoln County, Missouri and the accident flight originated in Lincoln County and was to return to its base in Lincoln County.  Pilot Charles L. Prather, Jr. leased and/or rented Robinson R923SH from an aircraft operator in Lincoln County and that operator would have transacted business with defendants Robinson and Spitzer from its location in Lincoln County, where Pilot Charles L. Prather, Jr. received flight instruction and where the aircraft operational manual was given to him.

## JURISDICTION AND VENUE

12.     This Court has diversity jurisdiction over this civil action under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,0000, exclusive of interest and costs, and no Plaintiff shares a state of citizenship with any Defendant.

13.     All Defendants do business within the State of Missouri by availing themselves of the business opportunities within the State of Missouri, advertising the availability of parts,

information and/or services, shipping parts and literature into the state, and/or receiving money from businesses in this state from residents who order goods, services and/or parts and pay for them.

14.     In addition, Defendants supply literature to aircraft owners located within the State of Missouri and to mechanics, fixed base operators, and others who perform aircraft maintenance in the State of Missouri for purposes of providing information and knowledge as to parts that can be purchased from Defendants for the repair or replacement of aircraft and their components.

15.     All Defendants distributed goods and/or services in the State of Missouri with the reasonable expectation that those services would be performed in the State of Missouri and/or goods would be consumed and used in the State of Missouri.

16.     The crash that is the subject of this cause of action, and which was caused by the tortious acts of Defendants, occurred in Missouri.

17.     This Court has personal jurisdiction over each Defendant as they transact business within this state, make contracts within this state, and/or committed tortious acts within this state, and this cause of action arose from such contacts with and/or acts within this state, as set forth herein.

18.     Venue is proper in this Court under 28 U.S.C §1391 because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this judicial district.

**<u>COUNT ONE</u>**
**<u>NEGLIGENCE OF ROBINSON HELICOPTER CO., INC.</u>**

19.     Plaintiffs reallege and reaver each and every allegation set forth herein as if fully rewritten here.

4

20.     At all times relevant hereto, Defendant Robinson Helicopter Co., Inc. was engaged in the business of designing, testing, developing, manufacturing, fabricating, assembling, distributing, buying, selling, inspecting, servicing, warranting, supplying, and/or modifying the subject Robinson Helicopter Model R22 Beta II, bearing U.S. registration number N923SH, serial number 3864 ("Robinson N923SH"), and its component parts.

21.     At all times relevant hereto, Defendant Robinson Helicopter Co., Inc., introduced the subject Robinson N923SH helicopter and its component parts into the stream of commerce when defective in nature, and each defect was of such a nature that the defects would not be discovered in normal inspection and operation by users.

22.     Plaintiffs' decedent, Charles L. Prather, Jr., at all times relevant hereto, operated Robinson N923SH in a manner that was reasonably foreseeable.

23.     Defendant Robinson Helicopter Co., Inc., had the duty to maintain the type design and to manufacture and/or replace and/or modify the component parts and systems of Robinson N923SH, and to issue ongoing airworthiness and operational instructions in order that the aircraft could be operated safely.

24.     At all times relevant hereto, Defendant Robinson Helicopter Co., Inc. was negligent, careless, reckless, and breached its duty of due care, including, but not limited to, one or more of the following acts and or admissions:

a.     Placing Robinson N923SH into the stream of commerce in a defective condition, susceptible to unexpected and unrecoverable loss of control of the aircraft's rotor system;

b.     Failing to take appropriate measures to eliminate or reduce the risk of dangerously or defectively designed or manufactured parts and systems;

5

c.      Failing to provide a proper and adequate maintenance and repair manual for Robinson R22 Model helicopters, including, but not limited to, guidance on maintenance of the aircraft's carburetor heat and rotor and flight control systems;

d.      Failing to notify, alert, or apprise potential owners, operators, or users of Robinson R22 model helicopters of the specific dangers and risks of dangerous characteristics of the aircraft's rotor and flight control systems and carburetor heat system that were inherent design flaws and characteristics so that these same entities could operate the Robinson R22 model helicopters in a safe manner and to make meaningful decisions about avoiding Robinson products or taking appropriate measures to protect themselves against the dangers posed by such products;

e.      Failing to remedy a defect in the design of the rotor and flight control systems that could cause the pilot to experience sudden and unrecoverable loss of rotor/flight control, which would cause the aircraft to crash; and

f.      Other and further ways that will be discoverable.

25.     In so doing, Defendant Robinson Helicopter Co., Inc. acted with a deliberate and flagrant disregard for the safety of others, including Charles L. Prather, Jr., thus constituting aggravating circumstances.

26.     As a direct and proximate result of the negligence of Defendant Robinson Helicopter Co., Inc., the Robinson N923SH crashed, killing Charles L. Prather, Jr., and, as a result, Plaintiffs have sustained the following injuries and damages:

a.      All pecuniary losses suffered by reason of the death of Charles L. Prather, Jr., funeral expenses, medical bills, and the reasonable value of the services, companionship,

comfort, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of the death of Charles L. Prather, Jr.;

b.     Such damages as the Decedent may have suffered between the time of injury and the time of death and for the recovery of which the Decedent might have maintained an action had death not ensued, including, but not limited to, pain and suffering and mental anguish; and

c.     Damages for Plaintiffs' pain and suffering and mental anguish.

WHEREFORE, Plaintiffs Joan Prather and Charles L. Prather, Sr. demand judgment against the Defendant, Robinson Helicopter Co., Inc., for all allowable damages, including all damages amounts that a jury may find fair and reasonable and permitted under the law, including, but not limited to, compensatory damages, damages for aggravating circumstances attending the death as are fair and reasonable, punitive or exemplary damages as are fair and reasonable, costs, and interest as allowed by law, and for such other relief as the Court deems just, and demand a trial by jury on all issues triable as a matter of right.

**COUNT TWO**
**STRICT LIABILITY AGAINST DEFENDANT ROBINSON HELICOPTER CO., INC.**

27.     Plaintiffs reallege and reaver each and every allegation set forth herein as if fully rewritten here.

28.     At all times relevant hereto, Defendant Robinson Helicopter Co., Inc., was the designer, manufacturer, distributor, and seller of the Robinson Helicopter Model R22 Beta II, bearing U.S. registration number N923SH, serial number 3864 ("Robinson N923SH").

29.     The defective helicopter reached Plaintiffs' decedent, Charles L. Prather, Jr., without substantial change in the condition in which the product and/or its components was designed, manufactured, distributed, and/or sold by Defendant Robinson Helicopter Co., Inc.

7

30.     Defendant Robinson Helicopter Co., Inc., manufactured N923SH for profit and placed into the stream of commerce for use to the public by individuals such as Charles L. Prather, Jr.

31.     N923SH was used by Charles L. Prather, Jr., in such a way that was reasonably foreseeable to Defendant Robinson Helicopter Co., Inc., and the defective design was a substantial factor in causing the crash of the aircraft on October 17, 2018 that caused the death of Charles L. Prather, Jr. The defect causing the crash is included but not limited to the design and/or manufacture of the rotor and fight control systems which caused, and aircraft instrumentation and caution and warning systems that failed to advise or alert the pilot of, impending and/or actual loss of aircraft control, that happened immediately and without warning, and from which there was no recovery, ultimately causing the aircraft to crash.

32.     The Robinson Model R22 helicopter, including Robinson N923SH, and its component parts were defective and unreasonably dangerous by reason of defective design, manufacture, marketing, and/or failure of Defendant Robinson Helicopter Co. to give adequate and proper warnings of the dangers existing therein and adequate instructions regarding the avoidance of such dangers to both users and repair maintenance stations. The design and manufacture of the R22 helicopter was below minimum standards and did not meet the reasonable expectations of the Plaintiffs' decedent and public.

33.     In so doing, Defendant Robinson Helicopter Co., Inc. acted with a deliberate and flagrant disregard for the safety of others, including Charles L. Prather, Jr., thus constituting aggravating circumstances.

34.     As a direct and proximate result of the defective design of the Defendant Robinson Helicopter Co., Inc.'s N923SH suffered a catastrophic crash, causing Plaintiffs' decedent to suffer fatal injuries.

35.     As a direct and proximate result of the defective design of the Defendant Robinson Helicopter Co., Inc.'s N923SH crashed, killing Charles L. Prather, Jr., and, as a result, Plaintiffs have sustained the following injuries and damages:

a.      All pecuniary losses suffered by reason of the death of Charles L. Prather, Jr., funeral expenses, medical bills, and the reasonable value of the services, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of the death of Charles L. Prather, Jr.;

b.      Such damages as the Decedent may have suffered between the time of injury and the time of death and for the recovery of which the Decedent might have maintained an action had death not ensued, including, but not limited to, pain and suffering and mental anguish; and

c.      Damages for Plaintiffs' pain and suffering and mental anguish.

36.     Defendant Robinson Helicopter Co., Inc. is strictly liable for all of the above harms caused by its defective R22 Model Helicopter.

WHEREFORE, Plaintiffs Joan Prather and Charles L. Prather, Sr. demand judgment against the Defendant, Robinson Helicopter Co., Inc., for all allowable damages, including all damages amounts that a jury may find fair and reasonable and permitted under the law, including, but not limited to, compensatory damages, damages for aggravating circumstances attending the death as are fair and reasonable, punitive or exemplary damages as are fair and reasonable, costs, and interest as allowed by law, and for such other relief as the Court deems

just, and demand a trial by jury on all issues triable as a matter of right.

**COUNT THREE**
**POST-MANUFACTURING FAILURE TO WARN AGAINST DEFENDANT**
**ROBINSON HELICOPTER CO., INC.**

37.     Plaintiffs reallege and reaver each and every allegation set forth herein as if fully

rewritten here.

38.     At all times relevant hereto, Defendant Robinson Helicopter Co., Inc. was in the

business of selling R22 model helicopters.

39.     At the time the subject Robinson Helicopter Model R22 Beta II, bearing U.S.

registration number N923SH, serial number 3864, left the control of the Defendant, the R22

helicopter was defective because it failed to contain adequate warnings, manuals, training, and/or

instructions to the purchaser, owner, repair station, and/or user that a reasonably prudent

manufacturer and seller of helicopters would have provided.

40.     At the time the subject Robinson N923SH helicopter left the control of the

Defendant, Defendant Robinson Helicopter Co., Inc. knew about the dangers that caused the

damage for which Plaintiffs now seek recovery that an ordinary purchaser, owner, repair station,

and/or user would not recognize.

41.     The failure of Defendant Robinson Helicopter Co., Inc. to provide adequate

warnings, manuals, training, and/or instructions to the purchaser, owner, repair station, and/or

users rendered it unreasonably dangerous.

42.     The failure of Defendant Robinson Helicopter Co., Inc. to provide adequate

warnings, manuals, training, and/or instructions to the purchaser, owner, repair station, and/or

users was a substantial cause of the crash of the Robinson N923SH helicopter and subsequent

death of Charles L. Prather, Jr.

43.     In so doing, Defendant Robinson Helicopter Co., Inc. acted with a deliberate and flagrant disregard for the safety of others, including Charles L. Prather, Jr., thus constituting aggravating circumstances.

44.     As a direct and proximate result of the conduct of Defendant Robinson Helicopter Co., Inc., the Robinson N923SH crashed, killing Charles L. Prather, Jr., and, as a result, Plaintiffs have sustained the following injuries and damages:

a.     All pecuniary losses suffered by reason of the death of Charles L. Prather, Jr., funeral expenses, medical bills, and the reasonable value of the services, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of the death of Charles L. Prather, Jr.;

b.     Such damages as the Decedent may have suffered between the time of injury and the time of death and for the recovery of which the Decedent might have maintained an action had death not ensued, including, but not limited to, pain and suffering and mental anguish; and

c.     Damages for Plaintiffs' pain and suffering and mental anguish.

WHEREFORE, Plaintiffs Joan Prather and Charles L. Prather, Sr. demand judgment against the Defendant, Robinson Helicopter Co., Inc., for all allowable damages, including all damages amounts that a jury may find fair and reasonable and permitted under the law, including, but not limited to, compensatory damages, damages for aggravating circumstances attending the death as are fair and reasonable, punitive or exemplary damages as are fair and reasonable, costs, and interest as allowed by law, and for such other relief as the Court deems just, and demand a trial by jury on all issues triable as a matter of right.

## COUNT FOUR
## NEGLIGENCE OF SPITZER HELICOPTER LEASING

45.     Plaintiffs reallege and reaver each and every allegation set forth herein as if fully rewritten here.

46.     At all times relevant hereto, Defendant Spitzer Helicopter Leasing was the owner and lessor of the Robinson Helicopter Model R22 Beta II, bearing U.S. registration number N923SH, serial number 3864.

47.     At all times relevant, Defendant Spitzer Helicopter Leasing, as the owner and lessor of Robinson N923SH, owed a duty to all users of the helicopter, including Charles L. Prather, Jr., to ensure the safe condition of aircraft that it leased out to users, including Charles L. Prather, Jr, and to diligently ensure any defective design, manufacture, marketing, and/or failure that Defendant Spitzer knew or should have known afflicted the R22 helicopter was remedied prior to leasing the helicopter out to users.

48.     At all times relevant, Defendant Spitzer Helicopter Leasing, breached her duty, through her employees, agents, representatives, and/or any person acting under her control in the following ways:

        a.      Placing a defective aircraft into the stream of commerce for use by users, including Charles L. Prather, Jr.;

        b.      Failing to observe due and reasonable care in the proper maintenance of the subject aircraft;

        c.      Failing to properly select and train a qualified mechanic for maintenance of Robinson N923SH;

        d.      Failing to properly maintain and/or repair the subject aircraft in a manner that would be safe for its intended use;

        e.      Failing to remedy any design, manufacturing, and/or marketing defects

that Defendant Rodd knew or should have known afflicted the Robinson N923SH prior to releasing it into the stream of commerce; and

       f.     And other ways as may be discovered.

49.     In so doing, Defendant Spitzer Helicopter Leasing acted with deliberate and flagrant disregard for the safety of others, including Charles L. Prather, Jr., thus constituting aggravating circumstances.

50.     As a direct and proximate result of the negligence of Defendant Spitzer Helicopter Leasing, the Robinson N923SH crashed, killing Charles L. Prather, Jr. and, as a result, Plaintiffs have sustained the following injuries and damages:

       a.     All pecuniary losses suffered by reason of the death of Charles L. Prather, Jr., funeral expenses, medical bills, and the reasonable value of the services, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of the death of Charles L. Prather, Jr.;

       b.     Such damages as the Decedent may have suffered between the time of injury and the time of death and for the recovery of which the Decedent might have maintained an action had death not ensued, including, but not limited to, pain and suffering and mental anguish; and

       c.     Damages for Plaintiffs' pain and suffering and mental anguish.

WHEREFORE, Plaintiffs Joan Prather and Charles L. Prather, Sr. demand judgment against the Defendant, Spitzer Helicopter Leasing, for all allowable damages, including all damages amounts that a jury may find fair and reasonable and permitted under the law, including, but not limited to, compensatory damages, damages for aggravating circumstances attending the death as are fair and reasonable, punitive or exemplary damages as are fair and

reasonable, costs, and interest as allowed by law, and for such other relief as the Court deems just, and demand a trial by jury on all issues triable as a matter of right.

## COUNT FIVE
## VICARIOUS LIABILITY OF SPITZER HELICOPTER LEASING

51.     Plaintiff reallege and reaver each and every allegation set forth herein as if fully rewritten here.

52.     At all times relevant hereto, Defendant Spitzer Helicopter Leasing was the owner and lessor of Robinson Helicopter Model R22 Beta II, bearing U.S. registration number N923SH, serial number 3864.

53.     At all times relevant, Defendant Spitzer Helicopter Leasing, as the owner and lessor of Robinson N923SH, owed a duty to all users of the helicopter to ensure the safe condition of aircraft that it leased out to users, including Charles Prather, Jr.

54.     At all times relevant, Defendant Spitzer Helicopter Leasing as the owner and lessor of the Robinson N923SH, permitted operator Helisat, through its employees, agents, and/or servants, to operate and provide maintenance and/or perform repairs on Robinson N923SH and to present Robinson N923SH as airworthy.

55.     Defendant Spitzer Helicopter Leasing is vicariously liable for the acts and/or omissions of its agents, servants, and/or employees, including operator Helisat, that resulted in the defective Robinson N923SH helicopter's placement into the stream of commerce and users including Charles L. Prather, Jr.

56.     As a direct and proximate result of the actions of Defendant Spitzer Helicopter Leasing, through its agents, including operator Helisat, Robinson N923SH crashed, killing Charles L. Prather, and, as a result, Plaintiffs have sustained the following injuries and damages:

a.     All pecuniary losses suffered by reason of the death of Charles L. Prather, Jr., funeral expenses, medical bills, and the reasonable value of the services, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of the death of Charles L. Prather, Jr.;

b.     Such damages as the Decedent may have suffered between the time of injury and the time of death and for the recovery of which the Decedent might have maintained an action had death not ensued, including, but not limited to, pain and suffering and mental anguish; and

c.     Damages for Plaintiffs' pain and suffering and mental anguish.

WHEREFORE, Plaintiffs Joan Prather and Charles L. Prather, Sr. demand judgment against the Defendant, Spitzer Helicopter Leasing, for all allowable damages, including all damages amounts that a jury may find fair and reasonable and permitted under the law, including, but not limited to, compensatory damages, damages for aggravating circumstances attending the death as are fair and reasonable, punitive or exemplary damages as are fair and reasonable, costs, and interest as allowed by law, and for such other relief as the Court deems just, and demand a trial by jury on all issues triable as a matter of right.

## COUNT SIX
## BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY OR FITNESS FOR ORDINARY USE OF SPITZER HELICOPTER LEASING

57.     Plaintiff reallege and reaver each and every allegation set forth herein as if fully rewritten here.

58.     At all times relevant, Defendant Spitzer Helicopter Leasing was the owner and lessor of the Robinson Helicopter Model R22 Beta II, bearing U.S. registration number N923SH, serial number 3864.

59.     At all times relevant, Defendant Spitzer Helicopter Leasing, as the owner and lessor of the Robinson N923SH, owed a duty to all users of the helicopter to ensure the safe condition of aircraft that it leased out to users including Charles H. Prather, Jr., and that the aircraft would be fit for ordinary purpose of flight.

60.     At all times relevant, Defendant Spitzer Helicopter Leasing breached her implied warranty of merchantability or fitness for ordinary use in the following ways:

        a.      Placing a defective aircraft into the stream of commerce for use by users, including Charles H. Prather, Jr;

        b.      Failing to observe due and reasonable care in the proper maintenance of the subject aircraft;

        c.      Failing to properly maintain and/or repair the subject aircraft in a manner that would be safe for its intended use;

        d.      Failing to remedy any design, manufacturing, and/or marketing defects that Defendant Rodd knew or should have known afflicted the Robinson N923SH prior to releasing it into the stream of commerce; and

        e.      And other ways as may be discovered.

61.     In so doing, Defendant Spitzer Helicopter Leasing acted with a deliberate and flagrant disregard for the safety of others, including Charles L. Prather, Jr., thus constituting aggravating circumstances.

62.     As a direct and proximate result of the breach of implied warranty of merchantability or fitness for ordinary use of Defendant Spitzer Helicopter Leasing, Robinson N923SH crashed, killing Charles L, Prather, Jr. and, as a result, Plaintiffs have sustained the following injuries and damages:

a.      All pecuniary losses suffered by reason of the death of Charles L. Prather, Jr., funeral expenses, medical bills, and the reasonable value of the services, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of the death of Charles L. Prather, Jr.;

b.      Such damages as the Decedent may have suffered between the time of injury and the time of death and for the recovery of which the Decedent might have maintained an action had death not ensued, including, but not limited to, pain and suffering and mental anguish; and

c.      Damages for Plaintiffs' pain and suffering and mental anguish.

WHEREFORE, Plaintiffs Joan Prather and Charles L. Prather, Sr. demand judgment against the Defendant, Spitzer Helicopter Leasing, for all allowable damages, including all damages amounts that a jury may find fair and reasonable and permitted under the law, including, but not limited to, compensatory damages, damages for aggravating circumstances attending the death as are fair and reasonable, punitive or exemplary damages as are fair and reasonable, costs, and interest as allowed by law, and for such other relief as the Court deems just, and demand a trial by jury on all issues triable as a matter of right.

## COUNT SEVEN
## STRICT LIABILITY AGAINST DEFENDANT SPITZER HELICOPTER LEASING

63.     Plaintiffs reallege and reaver each and every allegation set forth herein as if fully rewritten here.

64.     At all times relevant, Spitzer Helicopter Leasing, was the owner, lessor, and a distributor of Robinson Helicopter Model R22 Beta II, bearing U.S. registration number N923SH.

65.     The defective helicopter reached Plaintiffs' decedent, Charles L. Prather, Jr.,

without substantial change in the condition in which the product and/or its components was distributed or leased by Defendant Spitzer Helicopter Leasing.

66.     Defendant Spitzer Helicopter Leasing leased Robinson N923SH for profit and placed into the stream of commerce for use to the public by individuals such as Charles L. Prather, Jr.

67.     Robinson N923SH was used by Charles L. Prather, Jr., in such a way that was reasonably foreseeable to Defendant Spitzer Helicopter Leasing, and the defective design was a substantial factor in causing the crash of the aircraft on October 17, 2018 that caused the death of Charles L. Prather. The defects causing the crash included, but not limited to, the design and/or manufacture of the rotor and fight control systems which caused, and aircraft instrumentation, caution and warning systems that failed to advise or alert the pilot of, impending and/or actual loss of aircraft control, that happened immediately and without warning, and from which there was no recovery, ultimately causing the aircraft to crash.

68.     Robinson N923SH and its component parts were defective and unreasonably dangerous by reason of defective design, marketing, and/or failure of Defendant Spitzer Helicopter Leasing to give adequate and proper warnings of the dangers existing therein and adequate instructions regarding the avoidance of such dangers to both users and repair maintenance stations. The design and distribution of the R22 helicopter was below minimum standards and did not meet the reasonable expectations of the Plaintiffs' decedent and the aviation public.

69.     In so doing, Defendant Spitzer Helicopter Leasing acted with a deliberate and flagrant disregard for the safety of others, including Charles L. Prather, Jr., thus constituting aggravating circumstances.

70.     As a direct and proximate result of the defective distribution by Defendant Spitzer Helicopter Leasing of its Robinson N923SH helicopter, the helicopter suffered a catastrophic crash, causing Plaintiff's decedent to suffer fatal injuries.

71.     As a direct and proximate result of the defective distribution of Defendant Spitzer Helicopter Leasing's Robinson N923SH, the helicopter crashed, killing Charles L. Prather, Jr. and, as a result, Plaintiffs have sustained the following injuries and damages:

a.     All pecuniary losses suffered by reason of the death of Charles L. Prather, Jr., funeral expenses, medical bills, and the reasonable value of the services, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of the death of Charles L. Prather, Jr.;

b.     Such damages as the Decedent may have suffered between the time of injury and the time of death and for the recovery of which the Decedent might have maintained an action had death not ensued, including, but not limited to, pain and suffering and mental anguish; and

c.     Damages for Plaintiffs' pain and suffering and mental anguish.

72.     Defendant Spitzer Helicopter Leasing is strictly liable for all of the above harms caused by its defective R22 model helicopter.

WHEREFORE, Plaintiffs Joan Prather and Charles L. Prather, Sr. demand judgment against the Defendant, Spitzer Helicopter Leasing, for all allowable damages, including all damages amounts that a jury may find fair and reasonable and permitted under the law, including, but not limited to, compensatory damages, damages for aggravating circumstances attending the death as are fair and reasonable, punitive or exemplary damages as are fair and reasonable, costs, and interest as allowed by law, and for such other relief as the Court deems

just, and demand a trial by jury on all issues triable as a matter of right.

## COUNT EIGHT
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

73.     Plaintiffs reallege and reaver each and every allegation set forth herein as if fully rewritten here.

74.     The defendants, individually and jointly, negligently engaged in tortious conduct which would foreseeably cause Plaintiffs' decedent, Charles L. Prather, Jr., severe emotional distress and/or mental anguish, also known as "pre-impact terror," and which did, in fact, cause severe emotional distress, as set forth below.

75.     Defendants should have realized that their conduct involved an unreasonable risk of causing Plaintiff's decedent, Charles L. Prather, Jr., emotional distress.

76.     Defendants' conduct, as set forth herein, was outrageous and evinced complete indifference to and reckless disregard for the rights of others, including Charles L. Prather, Jr.

77.     As a direct and proximate result of the negligence of Defendants, from the moment of the onset of the emergency, through the tragic out-of-control descent, and continuing until the moment the helicopter violently impacted the ground, Plaintiffs' decedent, Charles L. Prather, Jr. was imminently and acutely aware of his impending death, and suffered significant and severe physical, emotional, and psychological injuries during this time, for which Plaintiffs are entitled to recover  both actual and punitive damages.

WHEREFORE, Plaintiffs Joan Prather and Charles L. Prather, Sr. demand judgment against the Defendants for all allowable damages, including all damages amounts that a jury may find fair and reasonable and permitted under the law, including, but not limited to, compensatory damages, damages for aggravating circumstances attending the death as are fair and reasonable,

punitive or exemplary damages as are fair and reasonable, costs, and interest as allowed by law,

and for such other relief as the Court deems just, and demand a trial by jury on all issues triable

as a matter of right.

### Request for Trial by Jury

Plaintiffs demand a trial by jury on all issues.

Respectfully submitted this 11th  day of March, 2021.

*/s/ Thomas P. Cartmell* _____ _____
Thomas P. Cartmell  MO No. 45366
Diane K. Watkins  MO No. 57238
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Phone: (816) 701-1100
Fax: (816) 531-2372
tcartmell@wcllp.com
dwatkins@wcllp.com

Douglas P. Desjardins
*Pro Hac Vice to be Filed*
Joseph L. Anderson
*Pro Hac Vice to be Filed*
PANGIA LAW GROUP
1717 N St., NW
Suite 300
Washington, DC 20036
dpd@pangialaw.com
janderson@pangialaw.com
P: (202) 638-5300
F: (202) 393-1725

James T. Crouse, Esq.
N.C. State Bar Number 22643
*Pro Hac Vice to be Filed*
**CROUSE LAW OFFICES, PLLC**
PO Box 33460
Raleigh, North Carolina 27636
Telephone: (919) 881-8441
Facsimile: (919) 881-8435

**Counsel for Plaintiffs**